1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILSON LEBRANDON WHITE,                    No.  2:24-cv-2273 AC P

12                    Plaintiff,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    MIKE GIBILISCO, et al.,

15                    Defendants.

16

17          Plaintiff is a county prisoner who filed this civil rights action pursuant to 42 U.S.C.

18    § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for

19    this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

20    afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21    proceed in forma pauperis is granted.[1]

22          Also pending before the court are plaintiff's third amended complaint ("TAC"),[2] motion

23    _____

24    [1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that
      are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As
25    part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust
      account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly
26    payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.
      These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).
27    [2]  Plaintiff filed the original complaint on August 21, 2024.  ECF No. 1.  Before the court could
      screen the original complaint, plaintiff filed a first, second, and third amended complaints.  ECF
28    (continued…)

                                                  1

1    for preliminary injunction, motions to appoint counsel, and motions to commence discovery.

2    ECF Nos. 2, 6, 7, 9, 10, 12, 13, 16.  For the reasons discussed below, the court finds that plaintiff

3    has stated some cognizable claims and will be given the options to proceed on the TAC as

4    screened in Section I.C. or to file an amended complaint.  The court will deny plaintiff's motion

5    to appoint counsel and to commence discovery and recommend that plaintiff's motion for

6    preliminary injunction be denied.

7         I.     Statutory Screening of Plaintiff's Complaint

8              A.  Legal Standard

9         The court is required to screen complaints brought by prisoners seeking relief against "a

10   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

11   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

12   Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

13   an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.

14   at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

15   arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

16        In order to avoid dismissal for failure to state a claim a complaint must contain more than

17   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

18   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

19   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

21   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

22   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

23   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

24   considering whether a complaint states a claim, the court must accept the allegations as true,

25   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

26

27   Nos. 8 (first amended complaint), 11 (second amended complaint), 16 (TAC, although labeled
     second).  Because the third amended complaint supersedes the prior complaints filed, the court
28   will proceed to screen the TAC.

1     favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2                B.  Factual Allegations of the Complaint

3          The TAC alleges that defendants Gibilisco, Larsen, and Rowe violated plaintiff's rights

4     under the First, Fifth, and Fourteenth Amendments to the United States Constitution.  ECF No. 16

5     at 3-6.  Specifically, plaintiff alleges that on June 27, 2024, Larsen failed to protect plaintiff from

6     another inmate who Larsen knew was trying to attack plaintiff.  Id. at 3.  When the other inmate

7     started to attack plaintiff, Larsen laughed and said, "that's what you get for telling everything."

8     Id. at 3, 4.  Plaintiff claims that Larsen was referring to the several grievances and lawsuits

9     plaintiff had filed against several deputies for improper behavior.  Id. at 4.

10          Plaintiff also alleges that Gibilisco told plaintiff and the other inmate to stop fighting.  Id.

11     at 5.  Plaintiff tried to explain that he was the one being attacked.  Gibilisco did not listen and

12     instead tased plaintiff.  Id.  After plaintiff was down on the ground, Gibilisco continued to tase

13     plaintiff, said "I'll fry your ass," called him a rat for filing grievances and lawsuits against

14     deputies at the jail, and told him "now go tell them that."  Id. at 5, 6.  Larsen eventually stopped

15     Gibilisco, but Larsen and Rowe agreed that plaintiff was a rat.  Id. at 5.

16          Plaintiff further alleges that as a result of Larsen's and Gibilisco's actions he urinated and

17     defecated on himself and suffered a swollen eye, bruises, depression, and emotional distress.  Id.

18     at 3-6.

19               C.  Claims for Which a Response Will Be Required

20          After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

21     plaintiff has adequately stated valid claims for relief against defendant Larsen for retaliation and

22     failure to protect, and against Gibilisco for retaliation and excessive force.[3]

23

24 [3]  Plaintiff does not specify whether he was a pretrial detainee in custody for violation of
probation, parole, or supervised release at the time of the alleged constitutional violations.  And

25 no precedential Ninth Circuit case has addressed whether a convicted felon already serving a
sentence should be treated as a pretrial detainee on a new probation or parole charge or as a

26 convicted felon.  The court does not need to resolve this issue for screening purposes because
plaintiff has alleged sufficient facts to state cognizable claims for excessive force against

27 Gibilisco and failure to protect against Larsen under either the Eighth or Fourteenth Amendments.
See Attachment A.  However, if plaintiff chooses to amend the complaint, he should be sure to

28 (continued…)

1          D.  Failure to State a Claim

2          The allegations in the complaint are not sufficient to state any claim for relief against

3    defendant Rowe.  There are *no facts* demonstrating that Rowe used unreasonable or excessive

4    force towards plaintiff, that Rowe failed to protect plaintiff from another inmate or the other

5    deputies, or that Rowe acted in a retaliatory manner in response to plaintiff's participation in a

6    protected activity.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects'

7    another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

8    an affirmative act, participates in another's affirmative acts, or omits to perform an act which he

9    is legally required to do that causes the deprivation of which complaint is made.") (citation

10   omitted).

11         It appears to the court that plaintiff may be able to allege facts to fix these problems.

12   Therefore, plaintiff has the option of filing an amended complaint.

13          E.  Options from Which Plaintiff Must Choose

14         Based on the court's screening, plaintiff has a choice to make.  After selecting an option

15   from the two options listed below, plaintiff must return the attached Notice of Election form to

16   the court within 21 days from the date of this order.

17         **The first option available to plaintiff is to proceed immediately against defendant**

18   **Larsen on the retaliation and failure to protect claims, and against Gibilisco on the**

19   **retaliation and excessive force claim.  By choosing this option, plaintiff will be agreeing to**

20   **voluntarily dismiss defendant Rowe.  The court will proceed to immediately serve the**

21   **complaint and order a response from defendants Larsen and Gibilisco.**

22         **The second option available to plaintiff is to file an amended complaint to fix the**

23   **problems described in Section I.D. against defendant Rowe.  If plaintiff chooses this option,**

24   **the court will set a deadline in a subsequent order to give plaintiff time to file an amended**

25   **complaint.**

26   *////*

27   _____

28   include information regarding his custody status at the time of the use of force and failure to
protect.

1    II.    Motion for Preliminary Injunction

2          On September 13, 2024, plaintiff filed a "Complaint for Preliminary and Permanent

3    Injunction and Damages," seeking injunctive relief and to recover damages against defendants for

4    excessive force and failure to protect.  ECF No. 7 at 1.  This filing describes how defendants

5    Larsen and Gibilisco violated plaintiff's rights on June 27, 2024, and alleges that "[a]s a result of

6    defendants actions, plaintiff has suffered and will continue to suffer extreme hardship and actual

7    and impending irreparable injury, loss, and damage."  Id. at 3-5.  The undersigned construes this

8    filing as a motion for preliminary injunction and recommends it be denied.

9          A.    Legal Standard Governing Preliminary Injunctive Relief

10         "A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a

11   device for preserving the status quo and preventing the irreparable loss of rights before

12   judgment."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

13   A preliminary injunction represents the exercise of "a very far reaching power never to be

14   indulged in except in a case clearly warranting it."  Dymo Indus., Inc. v. Tapeprinter, Inc., 326

15   F.2d 141, 143 (9th Cir. 1964).  It is an "'extraordinary and drastic remedy'; it is never awarded as

16   of right."  Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citation omitted).

17         "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

18   'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

19   absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

20   is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

21   2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (internal quotations

22   omitted).  "Those seeking injunctive relief must proffer evidence sufficient to establish a

23   likelihood of irreparable harm."  Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d

24   1239, 1251 (9th Cir. 2013).

25         The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated

26   into the Supreme Court's four-part Winter standard.  Alliance for the Wild Rockies v. Cottrell,

27   632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a

28   stronger showing of one element to offset a weaker showing of another element).  "In other

                                        5

1   words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the

2   plaintiff can support issuance of an injunction, assuming the other two elements of the <u>Winter</u> test

3   are also met." <u>Alliance for the Wild Rockies</u>, 632 F.3d at 1131-32.  Additionally, in cases

4   brought by prisoners involving conditions of confinement, any preliminary injunction "must be

5   narrowly drawn, extend no further than necessary to correct the harm the court finds requires

6   preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C.

7   § 3626(a)(2).

8           B.  <u>Analysis</u>

9       Plaintiff fails to meet the requirements for a preliminary injunction because he has not

10  established he will suffer irreparable harm absent preliminary relief in this case.  As an initial

11  matter, plaintiff does not describe what conduct he wants the court to enjoin.  To the extent

12  plaintiff seeks to enjoin defendants from engaging in further acts of retaliation, excessive force, or

13  failure to protect, he makes only unsupported, conclusory assertions that he will suffer

14  "impending irreparable injury, loss, and damage," which is not sufficient to merit relief.

15  <u>See</u> <u>Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative

16  injury does not constitute irreparable injury sufficient to warrant granting a preliminary

17  injunction." (citing <u>Goldie's Bookstore, Inc. v. Superior Ct.</u>, 739 F.2d 466, 472 (9th Cir. 1984))).

18  Moreover, plaintiff has failed to put forth *evidence* to substantiate any allegations of irreparable

19  harm.  <u>See</u> <u>Herb Reed Enters., LLC v. Fla. Entm't Mgmt.</u>, 736 F.3d 1239, 1251 (9th Cir. 2013)

20  ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of

21  irreparable harm."); <u>see also</u> <u>Fidelity Nat. Title Ins. Co. v. Castle</u>, No. C-11-00896-SI, 2011 WL

22  5882878, *3, 2011 U.S. Dist. LEXIS 135316, *9 (N.D. Cal. Nov. 23, 2011) ("A motion for

23  preliminary injunction must be supported by '[e]vidence that goes beyond the unverified

24  allegations of the pleadings.'") (citation omitted).  Accordingly, plaintiff's motion for preliminary

25  injunction should be denied.

26       III.   <u>Motions to Appoint Counsel</u>

27       Plaintiff's motions to appoint counsel and plaintiff's TAC argue that the court should

28  appoint counsel because plaintiff cannot afford a lawyer, plaintiff has been granted leave to

1  proceed in forma pauperis in this case,[4] plaintiff's incarceration will limit his ability to litigate the

2  case, the case presents complex issues that will likely require substantial investigation and

3  discovery, he does not have the training and education of a lawyer to present his case, and all of

4  his efforts to obtain a lawyer have been unsuccessful.  See ECF Nos. 6, 13; see also ECF No. 16

5  at 7-8 (TAC includes a motion for appointment of counsel).

6          A.  Legal Standard

7          The United States Supreme Court has ruled that district courts lack authority to require

8  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

9  U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

10  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

11  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

12          When determining whether "exceptional circumstances" exist, the court must consider

13  plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

14  claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

15  965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

16  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

17  common to most prisoners do not establish exceptional circumstances that warrant a request for

18  voluntary assistance of counsel.

19          B.  Analysis

20          Having considered the factors under Palmer, the court finds that plaintiff has failed to

21  meet his burden of demonstrating exceptional circumstances warranting the appointment of

22  counsel at this time.  Plaintiff has been able to articulate cognizable retaliation, excessive force,

23  and failure to protect claims, which are not complex.  Additionally, indigency, inability to retain

24  counsel, lack of legal education, and incarceration, are all circumstances common to most

25  prisoners.  Accordingly, plaintiff's motions for appointment of counsel are denied.

26

27

28  ────────────────────
[4]  The court notes that until today, the court had not yet ruled on the motion to proceed in forma pauperis in this case.

1    IV.    Motions for Discovery

2        Plaintiff has filed three motions seeking to commence discovery in this case, ECF Nos. 9,

3    10, 12, one of which includes a request for production, ECF No. 10 at 5-12.  Accordingly, the

4    court construes these motions as motions for discovery.  Because this case is still at the screening

5    stage and no defendant has been served, plaintiff's motions for discovery are denied as premature.

6    In the event any defendant is served and files an answer, a schedule will be set for discovery at

7    that time.[5]

8    V.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

9        Some of the allegations in the complaint state claims against the defendants and some do

10   not.  You have stated claims against Larsen for retaliation and failure to protect and claims

11   against Gibilisco for retaliation and excessive force.  You have not stated any other claims against

12   them or any other defendants.

13       You have a choice to make.  You may either (1) proceed immediately on your retaliation

14   and failure to protect claims against Larsen, and retaliation and excessive force claims against

15   Gibilisco and voluntarily dismiss the other claims; or, (2) try to amend the complaint.  To decide

16   whether to amend your complaint, the court has attached the relevant legal standards that may

17   govern your claims for relief.  See Attachment A.  Pay particular attention to these standards if

18   you choose to file an amended complaint.

19                                CONCLUSION

20       In accordance with the above, IT IS HEREBY ORDERED that:

21       1.   The Clerk of the Court shall randomly assign a United States District Judge to this

22   action.

23       2.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

24       3.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26

27   [5] Plaintiff is advised that if the case proceeds to discovery, he should not file his requests for production with the court and should direct them to defense counsel.  See Fed. R. Civ. P. 5(b);

28   E.D. Cal. L.R. 250.1, 250.2, 250.3, and 250.4.

8

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

    4.  Plaintiff's motions to appoint counsel (ECF Nos. 6, 13) are DENIED.

    5.  Plaintiff's motion for discovery (ECF No. 9, 10, 12) are DENIED as premature.

    6.  Plaintiff's claims against defendant Rowe in the TAC (ECF No. 16) do not state claims for which relief can be granted.

    7.  Plaintiff has the option to proceed immediately on his retaliation and failure to protect claims against Larsen and retaliation and excessive force claims against Gibilisco as set forth in Section I.C. above, or to file an amended complaint.

    8.  **Within 21 days** from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

    **9.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of plaintiff's claims against defendant Rowe.**

    IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 7) be DENIED.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2025

_allison Clare_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILSON LEBRANDON WHITE,                    No.  No.  2:24-cv-2273 AC P

             Plaintiff,

     v.                                         NOTICE OF ELECTION

MIKE GIBILISCO, et al.,

             Defendants.

Check one:

_____ Plaintiff wants to proceed immediately on his retaliation and failure to protect claims against Larsen and retaliation and excessive force claims against Gibilisco without amending the complaint.  Plaintiff understands that by choosing this option, defendant Rowe will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                  _____
                                  Wilson LeBrandon White
                                  Plaintiff pro se

1

<u>Attachment A</u>

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.     <u>Legal Standards Governing Amended Complaints</u>

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  <u>See</u> Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.     <u>Legal Standards Governing Substantive Claims for Relief</u>

A.  <u>Fourteenth Amendment</u>

i.     <u>Excessive Force</u>

Under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 396-97 (2015).  "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case'" and must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."  <u>Id.</u> at 397 (quoting <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989)).

1

1   Considerations such as the following may bear on the reasonableness or unreasonableness of the

2   force used: the relationship between the need for the use of force and the amount of force used;

3   the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount

4   of force; the severity of the security problem at issue; the threat reasonably perceived by the

5   officer; and whether the plaintiff was actively resisting.  Id. at 397.

6                    ii.    Failure to Protect

7          Pretrial detainees also have a due process right to be free from violence from other

8   inmates.  Castro v. County of Los Angeles, 833 F.3d 1060, 1067 (9th Cir. 2016).  To state a claim

9   for failure to protect under the Fourteenth Amendment, plaintiff must allege facts showing

10              (1) The defendant made an intentional decision with respect to the
                conditions under which the plaintiff was confined;
11              (2) Those conditions put the plaintiff at substantial risk of suffering
                serious harm;
12              (3) The defendant did not take reasonable available measures to abate
                that risk, even though a reasonable officer in the circumstances
13              would have appreciated the high degree of risk involved—making
                the consequences of the defendant's conduct obvious; and
14              (4) By not taking such measures, the defendant caused the plaintiff's
15              injuries.

16   Id. at 1071.

17          B.  Eighth Amendment

18                    i.    Excessive Force

19          The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

20   punishment on inmates which has been defined as "the unnecessary and wanton infliction of

21   pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused

22   of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

23   core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore

24   discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillan, 503 U.S. 1, 7

25   (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's

26   injury, the need for application of force, the relationship between that need and the amount of

27   force used, the threat reasonably perceived by the responsible officials, and any efforts made to

28   temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (1992) (quotation marks and

2

1   citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment

2   inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to

3   cause harm always violates contemporary standards of decency in violation of the Eighth

4   Amendment.  Whitley, 475 U.S. at 327.

5                              ii.     Failure to Protect

6          "Prison officials have a duty to take reasonable steps to protect inmates from physical

7   abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982), abrogated on other grounds by

8   Sandin v. Conner, 515 U.S. 472 (1995).  To be liable under the Eighth Amendment for failure to

9   protect, a prison officials "knows of and disregards an excessive risk to inmate health or safety."

10  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  He must then fail to take reasonable measures to

11  lessen the substantial risk of serious harm.  Id. at 847.  Negligent failure to protect an inmate from

12  harm is not actionable under § 1983.  Id. at 835.

13                      C.  First Amendment Retaliation

14         "Prisoners have a First Amendment right to file grievances against prison officials and to

15  be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.

16  2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context,

17  a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

18  state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

19  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

20  (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

21  408 F.3d 559, 567-68 (9th Cir. 2005).

22                      D.  Personal Involvement

23         The civil rights statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423

26  U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation

27  of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

28  participates in another's affirmative acts, or omits to perform an act which he is legally required

1  to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740,

2  743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983,

3  plaintiff must link each named defendant with some affirmative act or omission that demonstrates

4  a violation of plaintiff's federal rights.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28