UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILSON LEBRANDON WHITE,

Plaintiff,

v.

MIKE GIBILISCO, et al.,

Defendants.

No.  2:24-cv-2273-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff Wilson LeBrandon White is a state prisoner proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants' motion for summary judgment is before the court. (ECF No. 37.) The motion should be granted because there is no genuine dispute of material fact for trial.

**PROCEDURAL BACKGROUND**

Plaintiff initiated this case on August 21, 2024, and filed the operative third amended complaint on October 30, 2024, naming defendants Gibilisco, Rowe, and Larsen. (ECF Nos. 1, 16.) After the screening required by 28 U.S.C. § 1915A(a), pursuant to plaintiff's notice of election and voluntary dismissal, the case proceeded only on retaliation and failure to protect claims against defendant Larsen and retaliation and excessive force claims against defendant Gibilisco. (See ECF Nos. 18, 23, 24.)

////

1

On September 9, 2025, defendants Larsen and Gibilisco filed the motion for summary judgment presently before the court, arguing the undisputed facts establish plaintiff failed to comply with required procedural aspects of the Prisoner Litigation Reform Act under Section 1997e(a). (ECF No. 37 at 13-17.) Defendants also argue plaintiff's claims fail as a matter of law and that they are entitled to qualified immunity. (Id. at 17-20.) Plaintiff filed a one-page opposition to the motion stating his rights were violated and not otherwise addressing the matters raised in the motion or the merits of the claims. (ECF No. 47.) Defendants filed a reply. (ECF No. 48.)

## LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to obtain summary judgment, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

**EVIDENCE**

## I.    Plaintiff's Verified Allegations[1]

Plaintiff alleges that on June 27, 2024, at the Shasta County Jail, Deputy Larsen failed to protect him from another inmate. (ECF No. 16 at 1, 3.) When the other inmate attacked plaintiff, Larsen laughed and said, "that's what you get for telling everything[.]" which was referring to "several grievance and lawsuits on deputies for improper behavior in the pass (*sic*)." (Id. at 3, 4.)

Deputy Gibilisco issued a verbal command to plaintiff and the other inmate to stop fighting. (ECF No. 16 at 5.) Plaintiff tried to explain that he was the one being attacked but Gibilisco did not listen and tased plaintiff. (Id.) After plaintiff was down on the ground, Gibilisco continued to tase plaintiff repeatedly, said "I'll fry your ass," called plaintiff a rat for filing grievances and lawsuits against deputies at the jail, and said "now go tell them that." (Id. at 5, 6.) Larsen agreed plaintiff was a rat. (Id. at 5.)

## II.    Undisputed Facts from Defendants' Evidence

The Shasta County Inmate Jail Handbook includes Section VII, on the jail's Custody Grievances Procedure, which has three levels of review. (ECF No. 37-3, ¶¶ 5, 6.) Plaintiff received the Shasta County Jail Inmate Handbook on a jail-issued tablet and could use the jail-issued tablets to file grievances. (Id., ¶¶ 6, 7.) As of December 24, 2025, plaintiff had submitted 74 grievances at the Shasta County Jail and utilized the jail's procedures to escalate 23 of those 74 grievance submissions to level three of the grievance process. (Id., ¶¶ 4, 13.)

During that time period, plaintiff did not file any grievances against Deputy Larsen. (ECF No. 37-3, ¶¶ 5, 7.)

Plaintiff filed a grievance about the tasing incident at issue in this case, #462975871, and wrote "I'm having major head aches from the ring when I was attached in my cell and tased 2x I

---

[1] In resolving this motion, the court credits plaintiff's verified allegations in the first amended complaint and the statements in his declaration signed under penalty of perjury (see ECF No. 60 at 7-13) to the extent they are based on plaintiff's personal knowledge of specific, admissible facts. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Lopez v. Smith, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000). Statements that are legal conclusions and statements that are speculative assertions do not raise a genuine dispute of fact. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted).

4

need medical attention ASAP this is urgent." (ECF No. 37-3 at 344.) The grievance did not name any deputies. (Id.) The grievance response indicates plaintiff was taken to be evaluated and was medically cleared to return to housing. (Id. at 345.) The grievance was closed at level one of the process. (Id.)

Plaintiff submitted a grievance, #462559881, against Deputy Gibilisco, which focuses on plaintiff's issues with being served his meals on a soft tray and also mentions Gibilisco "yelling" at plaintiff and having "negative emotions" and stating "he knows he lied on his report[.]" (ECF No. 37-3 at 339.) This grievance was denied at level three of the process. (Id.)

**DISCUSSION**

**I.      Exhaustion Requirement**

Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate seeking money damages must complete the prison administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001)

If undisputed evidence viewed in the light most favorable to the plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether there was exhaustion, the motion for summary judgment must be denied. See Fed R. Civ. P. 56(a).

**II.     Analysis**

Plaintiff fails to raise a genuine issue of material fact as to whether he exhausted administrative remedies on his retaliation, excessive force, and failure to protect claims arising out of or related to the June 27, 2024, tasing incident at issue in this action. Defendants submit evidence that plaintiff did not file any grievances against Deputy Larsen and did not file any grievance against Deputy Gibilisco alleging any conduct at issue in this case. (ECF No. 37-3, ¶¶ 5, 7.) In addition, the only grievance plaintiff filed in connection with the tasing incident stated plaintiff was "tased 2x" and neither named deputies nor described or complained of the alleged

conduct or statements of any deputies in connection with the incident or surrounding events. (See id. at 344.)

This case should be dismissed without prejudice because there is no genuine issue of material fact as to whether plaintiff exhausted available administrative remedies with respect to his remaining claims against defendants Larsen and Gibilisco prior to filing this action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (the proper remedy for failure to exhaust nonjudicial remedies is dismissal of the claim without prejudice) (overruled on other grounds). In light of this determination, and in the interests of judicial economy, the court does not analyze defendants' alternate arguments that these claims also fail as a matter of law and that they are entitled to qualified immunity.

**CONCLUSION**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Defendants' motion for summary judgment (ECF No. 37) be granted.

2.  Plaintiff's remaining claims in the third amended complaint against defendants Larsen and Gibilisco be dismissed for failure to exhaust available administrative remedies prior to filing suit.

3.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 whit2273.msj

6